UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID LAGASSE AND LAURIE LAGASSE                                    PLAINTIFFS

V.                                                    CIVIL ACTION NO. 1:07cv761-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY;                               DEFENDANTS
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY;
MIKE MYERS, INDIVIDUALLY AND AS AGENT OF
STATE FARM FIRE AND CASUALTY COMPANY AND/OR
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY; AND JOHN AND JANE DOES A, B, C, D, E, F, G, AND H

## ORDER

This cause of action is in a confusing posture created by Plaintiffs' maneuvers that deviate from the ordinary. The hub question that must be answered before dealing with the numerous motions that serve as spokes in this matter is whether Plaintiffs will be allowed their request (docket entry [61]), made more than a year after the original [1] Complaint was filed, to dismiss the instant case pursuant to Fed. R. Civ. P. 41(a)(2).

The primary point in denying Rule 41(a)(2) relief to Plaintiffs is that this Court has jurisdiction. Plaintiffs' [71] Third Amended Complaint, filed as an "alternative" to the current motion (*see* Plaintiffs' [62] Motion for Leave to File Amended Complaint) indicates that they are residents of the State of Texas, and defendants are not (State Farm Fire and State Farm Mutual are Illinois corporations, and Mike Meyers, their insurance agent, resides in Mississippi). All defendants have made an appearance in this Court.

As is evident from its title, the Third Amended Complaint follows the [47] Second Amended Complaint (also filed by Plaintiffs' current counsel) which named only State Farm Fire and Casualty Company as a defendant. The latter pleading came two months after Plaintiffs' former counsel were disqualified, as well as after a [44] Consent Motion to Dismiss Without Prejudice State Farm Mutual Automobile Insurance Company and an [45] Agreed Order of Dismissal accomplishing same. Almost three months later, State Farm Mutual found itself invited back to the party (State Farm Mutual's [69] Motion to Dismiss Third Amended Complaint will be addressed by a separate order), and all defendants were in the difficult position of being in two places at the same time, for Plaintiffs decided that an identical action should be filed (and was on August 21, 2008) in the Circuit Court of Harrison County, Mississippi.

While Plaintiffs may have found it necessary to ultimately include allegations against parties who they believe should be present for the full adjudication of their claims arising from

Hurricane Katrina, they did not deprive this Court of jurisdiction. It does not matter what label is given to their conduct, or to the motive(s) behind it, Plaintiffs have not provided the Court with any valid reason why a cause of action that has reached the point of a Third Amended Complaint should be dismissed. The fact that Plaintiffs would file a Motion to Dismiss and a Third Amended Complaint strains plausibility.

Even Plaintiffs' attempt at a stay of the instant case was half-hearted. Instead of presenting any legal authority on some applicable legal doctrine relieving this Court of jurisdiction, Plaintiffs sought an extension of this Court's discovery deadline (the Magistrate denied the stay and granted in part and denied in part the extension, *see* docket entry [132], from which no appeal was taken). Plaintiffs' actions speak louder than their words concerning judicial economy.

Plaintiffs will not be rewarded for the duplicative and overlapping predicament they have created. It is unknown at what stage the state proceedings are (whether they are also active or have been stayed), but it is undisputed that this Court has had jurisdiction since the original complaint, has never lost it, and that it attached long before the state court action. The prejudice that would be visited upon the defendants by dismissing the instant action far outweighs the convenience to Plaintiffs that would result by surrender from this Court.

Plaintiffs have failed to provide valid justification for the Court to allow dismissal of this cause of action. Their request for relief under Fed. R. Civ. P. 41(a)(2) is not well taken.

Accordingly, **IT IS ORDERED**:

Plaintiffs' [61] Motion to Dismiss is **DENIED**.

**SO ORDERED** this the 30th day of January, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE